## AVICE BORDA, Plff.,

*v.*

## WENCESLAO BORDA, Dft.

---

San Juan, Equity, No. 1068.

HUSBAND AND WIFE.

Jurisdiction—Suit by Nonresident Wife for Advances—Local Courts.
    Where in the case of a married couple domiciled in Porto Rico

NOTE.—On domicil as basis of jurisdiction in action for divorce, see note in 59 L.R.A. 142.

Borda v. Borda.

marital differences arose so that the wife leaves the husband, es-
tablishes a domicil of her own in one of the states of the Union,
and institutes an action for divorce there, she may not maintain an
action against her husband in this court to recover advances of
funds made by her for the benefit of his real estate in Porto Rico
previous to the divorce. Her remedy, if any, must be sought in the
Insular courts.

Opinion filed June 3, 1921.

———

*Mr. O. B. Frazer* for plaintiff.

*Mr. J. Henri Brown* for defendant.

ODLIN, Judge, delivered the following opinion:

The bill of complaint in this case was filed on the 27th
of October, 1920, and sets forth that the plaintiff is a citizen
and resident of the state of Rhode Island and that the defend-
ant is a citizen and resident of Porto Rico, that the amount
in controversy involved exceeds $3,000, exclusive of interest
and costs, and that the plaintiff in the year 1907 was then a
citizen and resident of the state of Rhode Island and was duly
married to the defendant, who was at that time a citizen and
resident of the state of New York, and that the marriage took
place in the city of New York.

That in the year 1908 the defendant obtained from the gov-
ernment of Porto Rico certain rights in the nature of a lease
covering unimproved land in Porto Rico which was of small
value until it should be drained; and that the defendant was
without sufficient funds with which to develop and improve

said land. That after the defendant had endeavored to obtain the necessary funds from his own father for that purpose without success, the defendant proposed to the plaintiff that she advance the necessary sums from her separate property, which she did at the request of the defendant, these moneys being advanced during the year 1908 and for some time thereafter; that the two parties resided as husband and wife in Porto Rico from the early part of 1908 until about the middle of 1916, during which period this land advanced largely in value by reason of the advances made by the plaintiff from her own separate funds, and that the defendant now holds in his hands a large sum of money, the proceeds of rentals, gains, and profits derived from said lands, and that the defendant has been requested by the plaintiff to account therefor, but he has failed and refused so to do.

This complaint goes on to state that during the early part of the year 1916 the defendant began very cruel treatment of the plaintiff, that he publicly insulted her and that he wrongfully abused her, although she had at all times demeaned herself as a faithful and lawful wife of the defendant; that by reason of these cruelties and abuses and public insults the plaintiff was obliged to leave the defendant, and she removed herself from the Island of Porto Rico to the state of Rhode Island and became a citizen of that state and has ever since resided there. That in addition to the general allegations of cruel and abusive treatment, the defendant has been guilty of adultery and continued unlawful intercourse with an unnamed woman, as a result of which the defendant became the father of a male child born in the month of November, 1917,

Borda v. Borda.

in the city of New York, and that this male child bears the name of his father and is known as Wenceslao Borda, Jr.

That previous to the filing of the complaint in this court the plaintiff filed a petition for divorce in the state court of Rhode Island, and that said proceeding is now pending there. The plaintiff prays for an accounting of the sums of money due to her from the husband, the defendant, and that she be declared to have a lien upon the property above referred to and that a receiver be appointed, and for such other and further relief as a court of equity may decide to be just and proper. The complaint is sworn to by the plaintiff in the state of Rhode Island on the 30th of September, 1920.

On February 7, 1921, the defendant filed in this court a motion to dismiss the bill on various grounds, and on the same day a motion to strike all those allegations in the bill which refer to the alleged adultery of the defendant and the alleged birth of the male child above referred to.

The view that the court takes of this proceeding make it unnecessary to decide anything in regard to the motion to strike, because the court is of the opinion that the motion to dismiss must be granted upon the ground that this court has no jurisdiction to hear and determine this suit, and that such lack of jurisdiction appears upon the face of the complaint.

This court, being unable to find any decision of any Federal court wherein a wife had originally sued her husband in a Federal court during the existence of the marriage relation, as admitted by both parties, requested counsel for plaintiff to submit a supplementary brief in opposition to the motion to dismiss. This supplementary brief has been carefully examined by this court, and it appears that counsel for plaintiff

Borda v. Borda.

claims, very properly, that there may exist diversity of citizenship for the purposes of certain classes of suits, but none of the cases which have been cited by counsel for the plaintiff discloses any assumption of jurisdiction of a Federal court in a case of this nature. The first case cited by counsel for the plaintiff is that of McNeil v. McNeil, 78 Fed. 834, opinion delivered by Judge McKenna, now acting Chief Justice of the United States Supreme Court. In this case there had been a decree of divorce previously granted by a state court which the wife claimed to be null and fraudulent, and of course the United States district court entertained jurisdiction to test that question because diverse citizenship existed and the question of valid divorce or void divorce was at issue. In the case now pending the pleadings show that there never has been any divorce, but merely a divorce proceeding now pending and undecided. The next case cited is that of Barber v. Barber, United States Supreme Court, 21 How. 582, 16 L. ed. 226, decided in 1859, which was an action in a Federal court for alimony under a limited divorce previously granted by a state court. The next case cited is that of Sistare v. Sistare, 218 U. S. 1, 54 L. ed. 905, 28 L.R.A.(N.S.) 1068, 30 Sup. Ct. Rep. 682, 20 Ann. Cas. 1061, which was a writ of error to the supreme court of the state of Connecticut, where the wife had originally sued the husband in the state of New York for a judicial separation and she had obtained a judgment by which the husband was ordered to pay a certain sum of money for the support of herself and for the maintenance and education of a minor child. Later the wife commenced in the superior court of the county of New London, state of Connecticut, an action to enforce this New York judgment. The

Borda v. Borda.

supreme court of the state of Connecticut declined to enforce the New York judgment, but the Supreme Court of the United States held that this was error.

There are two decisions of the United States Supreme Court not hitherto mentioned in this opinion which have been the subject of very great discussion and are referred to in the brief filed by counsel for the plaintiff in the present cause, these two cases being, first, that of Atherton v. Atherton, 181 U. S. 155, 45 L. ed. 794, 21 Sup. Ct. Rep. 544, decided in the year 1901, and the other case being that of Haddock v. Haddock, 201 U. S. 562, 50 L. ed. 867, 26 Sup. Ct. Rep. 525, 5 Ann. Cas. 1, decided in 1906. The writer of this opinion does not intend to enter into any elaborate attempt to decide whether the rules laid down in the Haddock Case overrule or do not overrule the doctrines established in the Atherton Case. Learned lawyers disagree in this respect. This court does hold, however, that neither the Atherton nor the Haddock Case has any bearing upon the issue now presented to this court, for the reason that the Atherton Case was a writ of error to the supreme court of the state of New York and involved the question as to whether a decree of the state court of Kentucky was or was not a bar to the petition of the wife asking for a divorce brought before a state court in New York, and the Supreme Court of the United States held that the Kentucky decree did operate as a bar to the petition of the wife filed in the state court in New York. In the Haddock Case the husband had obtained a decree of divorce in Connecticut, and the question was whether the courts of the state of New York should or should not give full faith and credit to the Connecticut decree. It is the view of the writer of this

present opinion that the Atherton Case and the Haddock Case are of no value in reaching a correct decision of the present cause, for the simple reason that the original litigation in the Atherton Case and in the Haddock Case commenced in a state court and not in a Federal court.

All the other cases cited by counsel for the plaintiff in the present cause did not constitute a controversy originating in a Federal court between the husband and the wife, but in every instance one of the parties to the litigation was a person or a corporation outside of the marital relation.

Special emphasis is laid upon the case of Bjornquist v. Boston & A. R. Co. 5 A.L.R. 951, 163 C. C. A. 179, 250 Fed. 929, which has been very carefully considered by the writer of this opinion, for the reason that this decision was by the circuit court of appeals for the first circuit, to which this present decision will doubtless be appealed. At page 933 [250 Fed.] of that opinion it is distinctly held that a married woman who has left her husband for cause may establish a domicil apart from the domicil of her husband and may acquire citizenship in another state for the purpose of Federal jurisdiction, such as will entitle her to maintain an action for damages, and in support of this doctrine the distinguished Circuit Judge Bingham very properly cites the case of the town of Watertown v. Greaves, 56 L.R.A. 865, 50 C. C. A. 172, 112 Fed. 183, and the case of Williamson v. Osenton, 232 U. S. 619, 58 L. ed. 758, 34 Sup. Ct. Rep. 442. I find no case cited by Judge Bingham and I find no case cited by the counsel for the plaintiff in the present proceeding where the wife sued the husband originally in a Federal court before there had been

Borda v. Borda.

a decree of divorce, either admitted to be valid or claimed to be invalid.

Before closing this opinion I think it is proper to make reference to the case of De la Rama v. De la Rama, 201 U. S. 303, 50 L. ed. 765, 26 Sup. Ct. Rep. 485. In this case the wife did sue the husband in a court created under the authority of the United States, but it was not a United States district court, and it was not a United States Federal court, as the term "Federal" is generally understood. The courts of the Philippine Islands have, of course, been recognized by Congress and by the Supreme Court of the United States as having been lawfully created, but there never has been created in the Philippine Islands any system of courts except those courts which are purely insular. Here in Porto Rico we have two systems of courts, the insular courts, highest of which is the supreme court of Porto Rico, and the present court, being the United States district court for Porto Rico. With the De la Rama Case it so happens that the writer of this opinion is very familiar, for the reason that he was the judge presiding at the original trial in 1902 at Iloilo, Philippine Islands. That case, which was in 1906 approved by the United States Supreme Court, decided that the wife in the Philippine Islands who had separated from her husband by reason of his gross misconduct, she herself being innocent, did have the right to sue her husband for a division of the conjugal property. It is quite clear that if there had been a distinct Federal court in the Philippine Islands, separate and apart from the Court of First Instance, the latter alone would have had jurisdiction and the Federal court would not.

Borda v. Borda.

For the foregoing reasons the motion to dismiss the present cause is granted, because it appears upon the face of the complaint that this court has no jurisdiction of this cause. But this ruling is without prejudice to the right of the plaintiff, Avice Borda, to apply to this court later for relief in case she shall succeed in her divorce suit now pending in Rhode Island and shall there obtain a decree in her favor.

The costs of this proceeding must be assessed against the plaintiff.